**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| SHEILAH ADAMS, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.**_____ |
| ) | |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Midland Credit Management, Inc. ("Midland"), by and through counsel, and while fully reserving the right to object to sufficiency of jurisdiction and venue, and without waiving any other defenses or objections, files this notice of removal of this action from the General Sessions Court of Shelby County, Tennessee to this Court. Removal is based on jurisdiction conferred by 28 U.S.C. § 1331 because Plaintiff Sheilah Adams' ("Plaintiff") Complaint raises a federal question. In support thereof, Midland states as follows:

1.     On September 17, 2025, Plaintiff filed her Complaint in the General Sessions Court of Shelby County, Tennessee ("Complaint") against Midland, bearing Case No. 2334959 (the "State Court Action"). A true and correct copy of the Complaint and other pleadings from the State Court Action are collectively attached hereto as Exhibit "1."

2.     There are no other defendants to join in or consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

3.      Via a letter dated September 25, 2025, the Tennessee Secretary of State issued a notice of service to Midland with the Complaint, however, no return of service is currently on file in the State Court Action  (*See* Ex. 1.) Therefore, this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of Midland being served with the Complaint. 28 U.S.C. § 1446(b)(1).

4.      This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5.      Removal of the State Court Action to this Court is proper because there is a federal question presented on the face of Plaintiff's Complaint. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      Plaintiff alleges that Midland "violates FCRA's requirements for consistent & accurate reporting." (*See* Ex. 1.) Thus, Plaintiff is asserting claims under the Federal Credit Reporting Act ("FCRA").

7.      "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, this Court has jurisdiction under 28 U.S.C. § 1331 because the alleged violations of the FCRA arise under federal law.  *See Stewart v. Baptist Memorial Health Care Corporation*, No. 2:21-cv-02377-SHM-cgc, 2024 WL 4360602, at *3 (W.D. Tenn. Sept. 30, 2024) ("Plaintiffs allege violations of the FCRA, 15 U.S.C. §§ 1681(b), et seq. This Court has subject matter jurisdiction

over the FCRA claims under the general grant of federal question jurisdiction in 28 U.S.C. § 1331.")

8.      Accordingly, this Court has jurisdiction because a federal question exists on the face of Plaintiff's Complaint. 28 U.S.C. § 1331.

## VENUE

9.      Pursuant to 28 U.S.C. § 1441(a), venue for removal is proper in this district and division because this district and division embraces the General Sessions Court for Shelby County, Tennessee, the forum in which the State Court Action was pending.

## NOTICE

10.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Midland through this date, are attached within Exhibit "1" hereto.

11.      Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Midland will send written notice and a copy of the Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Clerk for the General Sessions Court for Shelby County, Tennessee. A copy of the state court pleading that will be filed to give the State Court notice of this removal has been attached as Exhibit "2" to this Notice of Removal.

## CONCLUSION

For the reasons stated above, Midland requests this Court to deem this Notice of Removal both good and sufficient, that Plaintiff's Complaint be removed from the General Sessions Court of Shelby County, Tennessee to this Court for trial and determination as provided by law, and to enter such orders and issue such process as may be proper to bring before it copies of all records

and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

THIS, the 27th day of October, 2025.

Respectfully submitted,

*/s/ Ian N. Joseph*
Shaun K. Ramey
Ian N. Joseph
McGlinchey Stafford, PLLC
333 Commerce Street Suite 1425
Nashville, Tennessee 37201
(615) 762-9080 (telephone)
(615) 250-9774 (facsimile)
sramey@mcglinchey.com
ijoseph@mcglinchey.com
*Attorneys for Midland Credit Management, Inc.*

## **CERTIFICATE OF SERVICE**

I, Ian N. Joseph, hereby certify that I have served a true and correct copy of the foregoing Notice of Removal, via First Class U.S. Mail, postage paid, and/or email on October 27, 2025:

Sheilah Adams
3777 Ladue Street
Memphis, TN 38127
(901) 690-9644 (telephone)
*Pro Se Plaintiff*

/s/ Ian N. Joseph
OF COUNSEL